## COOPER v. HARVEY.

The foreclosure of a mortgage by assignee by advertisement, under a power of sale, is void unless the assignment shall have been so acknowledged as to entitle it to be recorded.

A void mortgage foreclosure sale of real estate operates as an equitable assignment of the mortgage to the purchaser, and a subsequent attempted conveyance of the legal title by him also effects an equitable assignment of the mortgage to his grantee.

An attempted conveyance of a legal title to real estate, by one claiming under a void mortgage foreclosure sale thereof, and being the equitable owner of another mortgage thereon, effects an equitable assignment of both mortgages to grantee.

Sess. Laws 1903, p. 1, c. 1, providing that any instrument affecting real property, which was previous to the first day of that year copied into the proper book of record in the register of deeds' office, shall impart, after that date, notice of its contents to subsequent purchasers, notwithstanding any defect in the execution of the instrument, or in the certificate of acknowledgment, or absence of such certificate, does not cure or make valid a foreclosure of a mortgage of real property by an assignee, had prior to that act, and then void because the assignment of the mortgage was not so acknowledged as to entitle it to be recorded.

A deed of a trustee, in violation of his trust, is invalid, unless made with the consent of the beneficiaries.

(Opinion filed, October 30, 1907.)

Appeal from Circuit Court, Beadle County. Hon. CHARLES S. WHITING, Judge.

Action to quiet title by Charles N. Cooper against Thomas J. Harvey. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*W. A. Lynch, R. W. Stewart,* and *A. B. Fairbank,* for appellant. *Crawford & Taylor,* for respondent.

CORSON, J. This is an action by the plaintiff to quiet title to, and recover possession of, a quarter section of land in Beadle county in the possession of the defendant. Findings and judgment being in favor of the defendant, the plaintiff has appealed from the judgment and order denying a new trial.

Plaintiff claims title under and by virtue of the following conveyances: One James McGregor, who was the owner of said land, mortgaged the same in 1883 to Walker & Rohmberg to secure a loan for $350, evidenced by a promissory note for that

amount; the mortgage being taken in the name of F. T. Walker. In 1887, McGregor sold and conveyed the property to one John Watt, subject to the said mortgage. Subsequently, in 1887, Watt and wife executed to the Topeka Investment & Loan Company a second mortgage on the property for $600, and in November, 1887, the said company assigned this last mortgage to Dwight H. Cady, who in 1890 attempted to foreclose said mortgage by a sale of said land by advertisement. Cady became the purchaser at the foreclosure sale, and in 1891 assigned the certificate of sale to the said Topeka Company, which took a sheriff's deed to the land. The land was conveyed by said company to Andrew Riegel, by Riegel to R. M. Kunz, and subsequently said Kunz conveyed said land to Nellie J. Walker, who is the widow of F. T. Walker, deceased, and in November, 1897, she conveyed the same, with nine other quarter sections, to John P. Walker in trust for her four minor daughters. Subsequently, Nellie J. Walker conveyed the property to her daughters, and they conveyed the same to Thomas H. Null, who subsequently conveyed the same to the plaintiff in this action.

The defendant claims title under the same chain of titles up to and including the conveyance of the said land to Nellie J. Walker, and claims the following facts are proven: That subsequently to the conveyance by Nellie J. Walker to John P. Walker, he conveyed the property and assigned the McGregor note and mortgage to F. W. Kringle in exchange for certain lots situated in the city of Dubuque, Iowa, which lots said Walker mortgaged to one C. C. Mayer for $500, and the amount so received was paid over to Nellie J. Walker, who used it for the benefit of herself and daughters, and thereafter he conveyed the said lots to Nellie M. Walker, the oldest daughter of Nellie J. Walker and one of the beneficiaries named in the deed from Nellie J. Walker, to John P. Walker, who mortgaged the same for the sum of $600, which sum was used by her for the benefit of herself, mother, and sisters; that in 1899 Kringle conveyed said property to the defendant, who has ever since been in possession of the same, and the heirs of Watt have conveyed what purports to be the legal title to the defendant; and that the title to the property was ostensibly in the

name of Kringle. He, supposing that he had a valid title to the property, discharged of record the mortgage executed by the original owner to Walker & Rhomberg.

The court finds, in effect, that the attempted foreclosure of the Watt mortgage was void for the reason that the assignment of the same did not contain an acknowledgment thereon which would entitle it to be recorded, and that the legal title to said property was not therefore vested in Nellie J. Walker. The court further finds as follows: "(13) That in consideration and in payment, and by way of exchange for said note and mortgage and the conveyance of said land, the said F. W. Kringle, did on the 19th day of February, 1898, convey to said John P. Walker the following described real estate, situated in the county of Dubuque, and state of Iowa, to wit, Lots numbered, * * * which lots were of the value of $800 and were owned by said Kringle in fee, clear of incumbrance. (14) That said John P. Walker caused said deed to be recorded, and on the 13th day of September, 1898, borrowed the sum of $500 on said lots from one C. H. Meyer, to whom he mortgaged said property to secure said sum, which mortgage was duly recorded. That he paid the sum of $500 over to said Nellie J. Walker, and she appropriated and used the same for her support and that of her daughters, Nellie M.., Genevieve G., Frances G., and Agnes C. Walker. That thereafter, to wit, on the 17th day of October, 1898, the said John P. Walker conveyed said lots by warranty deed to said Nellie M. Walker, the oldest of said daughters, which was duly filed for record, and that said Nellie M. Walker on the 19th day of August, 1899, mortgaged said lots * * * to the Iowa Home Insurance Company, of Dubuque, Iowa, to secure a loan of the sum of $600, which mortgage was duly recorded, and subsequently sold and conveyed to strangers by absolute conveyance of all of said property deeded as aforesaid by F. W. Kringle. That the money received by Nellie M. Walker for said mortgage and said deeds of conveyance was appropriated by her and Nellie J. Walker and by the other daughters above named and used by them. (15) That Nellie J. Walker and her said daughters knew of the conveyance by John P. Walker of said land, and the delivery by him of said note and mortgage to F. W. Kringle, and

of the conveyance by said Kringle to said Walker of said lots in Dubuque, and of the incumbering and conveyance by him and by Nellie M. Walker of said lots, and with knowledge received and appropriated the consideration therefor. That on February 19, 1898, when John P. Walker executed said deed and delivered said note and mortgage executed by James McGregor, as aforesaid, to F. W. Kringle, the said Nellie M. Walker was 21 years of age, Genevieve was 19 years of age, Frances was 18 years of age, and Agnes was 14 years of age. * * .* That when they executed the aforesaid deed to Thomas H. Null on April 28, 1903, said Nellie M. Walker was 25 years of age, Genevieve Walker was 23 years of age, Frances G. Walker was 22 years of age, and Agnes G. Walker was 18 years of age. (16) That neither the said Nellie J. Walker, John P. Walker, nor said Nellie M., Genevieve, Frances, nor Agnes Walker have ever, in any manner, offered to restore to F. W. Kringle or to the defendant herein, his grantee, the property and money which they received as the consideration given by said Kringle for said conveyance and for said note and mortgage executed by James McGregor as aforesaid. Neither has the said Thomas H. Null, their grantee, nor his grantee, the plaintiff, made such offer."

The court from its findings makes the following conclusions of law: "(1) That the attempted foreclosure by Dwight H. Cady by advertisement of the mortgage aforesaid, executed by John Watt and wife, mortgaging said land to the Topeka Investment & Loan Company, was void and the fee title in said land did not pass to said Cady under said sale to him nor to the Topeka Investment & Loan Company, to whom the sheriff's deed was issued upon the certificate of sale assigned to it by said Cady, and that the attempted foreclosure did not deprive John Watt of the fee title, but operated as an equitable assignment of said note and mortgage, and the subsequent conveyance by said Topeka Investment & Loan Company to Riegel effected an equitable assignment of said note and mortgage to said grantee, and each subsequent conveyance operated with like effect to pass said note and mortgage by equitable assignment until it reached the defendant herein. (2) That Nellie . Walker never owned the fee title to the land in controversy;

and the deed from her to John P. Walker did not pass any title in said lands to him as trustee or otherwise, and did not vest the title in the four young daughters of Nellie J. Walker as beneficiaries. (3) That said beneficiaries did not pass any title in said land to Thomas H. Null by their said deed to him. (4) That said Null conveyed no title to plaintiff by the deed executed by him on September 9, 1903. (5) That said defendant became the absolute owner of the fee through the deed executed by him to the heirs of JoJhn Watt deceased, as aforesaid. (6) That the defendant by the deed executed to him by F. W. Kringle on April 3, 1899, and the payment to said Kringle in good faith under the belief that said Kringle was the owner of said land, became in equity the successor to all rights of the said F. W. Kringle in the premises. (7) That by virtue of the conveyance to John P. Walker of the within described property situated in the city of Dubuque, as a consideration for the deed purporting to convey to him the land in controversy, and by the delivery to him of the note and mortgage upon said land executed by James McGregor, which property in Dubuque of the value of $800 was appropriated by the said Nellie J. Walker and her said four daughters, the said F. W. Kringle became the equitable owner of the note and mortgage executed by John Watt and his wife upon said land to the Topeka Investment & Loan Company, as aforesaid, and the defendant, T. J. Harvey, under the deed aforesaid to him by said F. W. Kringle, became and is the equitable owner of said note and mortgage. (8) That F. W. Kringle having become the owner of the mortgage upon said land executed by James McGregor, as aforesaid, to F. T. Walker, and having released the same under the belief that he was the owner in fee of said land, the defendant Harvey, by virtue of his payment to Kringle and the delivery of said mortgage to him by Kringle with a deed purporting to convey said land and upon all the equities of this case, is subrogated to the rights of said Kringle thereunder and is entitled to have said mortgage revived and decreed to be prior to all claims and equities of plaintiff, and is entitled, as against the plaintiff, to have a lien under said mortgage for all taxes paid by the various holders of said mortgage, with interest on such taxes. (9) That the plaintiff purchased with notice

of the equities of the defendant and is estopped thereby to deny the right of defendant in and to said land and to the aforesaid mortgages thereon. (10) That the defendant is entitled to a decree adjudging that he is the owner in fee simple of the land in suit and entitled to the possession thereof, and that the plaintiff has no title or right of possession therein, and dismissing plaintiff's complaint. Also, to equitable relief in accordance with these findings and conclusions and to judgment for his costs."

The appellant contends: "(1) That the acknowledgment of the assignment by the Topcka Investment & Loan Company, and the foreclosure proceedings based thereon, cannot be taken advantage of by the defendant, who must either claim through the same sale, or else by reason of his deed from Jane Watt in 1904, and that the laws of 1903 on acknowledgments cured the defect in the acknowledgment of the assignment so far as the defendant is concerned, and bars him from raising that objection. (2) That the foreclosure being good, at least as far as the defendant is concerned, that the deed in trust to John P. Walker created a passive trust and vested the title of the land in the four young daughters of Nellie J. Walker, and that their title is now in the plaintiff. (3) That whatever interest the defendant secured in said land from any source he holds in trust for the plaintiff, as the successor in trust of John P. Walker. (4) That the McGregor mortgage was paid and canceled, and that the court erred in reinstating it against an innocent purchaser. (5) That, if the foreclosure proceedings were void, that at once determined the case, and the circuit court should have dismissed the plaintiff's complaint, and not have proceeded to determine the ownership of the mortgages. (6) That, if the foreclosure was void, it acted as an equitable assignment of the mortgage foreclosed to the person who would have been the free owner of the land, had the foreclosure been valid, who is the plaintiff. (7) That the court erred in admitting evidence to contradict the terms of the trust deed. (8) That the findings of fact are in part not based upon any evidence whatever, but merely upon statements made in defendant's amended answer, in proof of which no evidence was submitted by either party. (9) That the plaintiff is either the owner of the land, or else the owner of the Watt mortgage."

The respondent, in support of the findings and judgment of the trial court, contends: (1) That the attempted foreclosure of the mortgage given by Watt to the Topeka Investment & Loan Company by Dwight H. Cady, as assignee, upon which foreclosure the plaintiff depends, was void, and did not deprive John Watt of the fee title. (2) That the sheriff's deed in foreclosure to the Topeka Investment & Loan Company was void. (3) That the deed by the Topeka Investment & Loan Company to Riegel was invalid. (4) That the deed from Riegel to Kunz, and from Kunz to Nellie J. Walker, and from Walker & Rohmberg to Nellie J. Walker, did not convey the fee to her. (5) That Nellie J. Walker, not having the fee, could not convey the fee, in trust or otherwise, to John P. Walker, and no fee was conveyed to him in trust for "the four young daughters"; and they could not, and therefore did not, convey the fee to Null, nor he to plaintiff. (6) That the equitable title of the original McGregor note and mortgage did pass from John P. Walker to Kringle as well as the equitabel title of the mortgage sought to be foreclosed. (7) That Kringle, by virtue of his deed to the defendant, transferred the equitable interest of the two mortgages to him, and that consequently the defendant is equitably entitled to the property in controversy.

It will thus be seen that the case turns mainly upon the questions as to whether or not Nellie J. Walker, by her conveyance to John P. Walker, did in equity convey to him the equitable title to the two mortgages, whether or not John P. Walker by his conveyance to Kringle in equity conveyed to him the two mortgages, and whether or not he conveyed the same equitable title of the two mortgages to the defendant . It will be further observed that the plaintiff's theory is that Nellie J. Walker acquired the legal title, as against the defendant, but that her deed to John P. Walker in trust was void, and therefore he acquired nothing by virtue of such  deed, and that the legal title passed to the beneficiaries, the four daughters, and from them to the plaintiff in this action, as against the defendant, and, as the defendant acquired his title subsequent to the passage of the curative act of 1903, he is precluded by that act from questioning the validity

of the foreclosure sale. The foreclosure of the Watt mortgage was clearly void under the decision of this court in Holt v. Metropolitan Trust Company et al., 11 S. D. 456, 78 N. W. 947, and hence as a matter of fact the legal title never became vested in Nellie J. Walker. Her deed in trust to John P. Walker conveyed no legal title to him, and clearly the equitable title to the two mortgages did not pass to John P. Walker. The mortgages, being personal property, passed by his transfer of the property to Kringle, and, consequently, passed from Kringle to the defendant, if he is in a position to contest the validity of the foreclosure sale under the Watt mortgage. In our view of the case, therefore, the question, as to the legal title, turns upon the effect of the curative act of 1903. That act, being chapter 1, p. 1, of the Session Laws of 1903, provides as follows: "Any instrument affecting real property, which was, previous to the first day of January, 1903, copied into the proper book of record, kept in the office of any register of deeds, shall be deemed to impart, after that date, notice of its contents to subsequent purchasers and incumbrancers, notwithstanding any defect, omission or informality in the execution of the instrument, or in the certificate of acknowledgement thereof, or the absence of any such certificate; but nothing herein shall be deemed to affect the rights of purchasers or incumbrancers previous to that date. Such instruments, the records of the same or certified copies thereof, may be read in evidence, with like effect as copies of an instrument duly acknowledged and recorded."

In our opinion the curative act did not have the effect to make valid proceedings to foreclose the Watt mortgage. The proceedings were had in 1890 and 1891, over 12 years prior to the passage of the curative act. To give the construction to the curative act of 1903, contended for by the plaintiff, would be to transfer the legal title of property owned by one party to another, and this a curative act cannot do. Had the proceedings to foreclose the Watt mortgage occurred subsequent to the curative act of 1903, the defective acknowledgment to the assignment of the mortgage might under the provisions of that act have been desregarded, and the assignment would have been as effective as though it had been properly acknowledged; but to construe the act as going further

than this would be carrying it beyond the effect of the language used in the act or the intention of the Legislature in passing the same. When the foreclosure proceedings were had, such an assignment was invalid, and the proceedings thereunder were void. It would not be competent therefore for the Legislature, by a subsequent curative act to render those void proceedings valid. It necessarily follows therefrom that, the foreclosure proceedings being void, the legal title to the property never became vested in Nellie J. Walker, but by virtue of various conveyances she did become the equitable owner of the Watt mortgage, and, as sole devisee of her husband, F. T. Walker, she acquired the equitable title to the McGregor mortgage executed to F. T. Walker. By the conveyance of Nellie J. Walker to John P. Walker, in trust for her four daughters, the equitable titles to these mortgages were transferred to him. John P. Walker, however, was not authorized by the terms of the trust deed from Nellie J. Walker to him to convey the property to Kringle, and he held the equitable title to the mortgages for the four daughters as beneficiaries named in the trust deed, and his deed therefore to Kringle, being in violation of his trust, was invalid, and neither conveyed the legal title to the property nor the equitable title to the mortgages to Kringle, unless so conveyed to Kringle with the knowledge and consent of the beneficiaries.

It is contended by the defendant that, at the time this conveyance was made by John P. Walker to Kringle, Nellie M. Walker, one of the daughters, was of age, and that she assented to the conveyance; but her knowledge and assent is denied by her. The testimony of John P. Walker is corroborated by the fact that he did convey the lots in Dubuque, conveyed by Kringle to him, to Nellie M. Walker, and that she subsequently mortgaged the lots so conveyed to Kringle to John P. Walker, and by John P. Walker to her, and received thereon the sum of $500, which money was used for the benefit of herself and sisters and their mother, Nellie J. Walker.

The contention of the plaintiff that the findings of the court are not supported by the evidence is, in our opinion, untenable, and it seems quite clear that the equitable title to the McGregor

and Watt mortgages did pass to Kringle, and subsequently were transferred by Kringle to he defendant, and it further appearing that the defendant acquired the legal title from the Watt heirs, the conclusions of the court were clearly correct.

The judgment of the circuit court and order denying a new trial are affirmed.