PETER V. KETCHAM, Respondent, *v.* LOUIS DEUTSCH et al., Defendants, and HENRY HAAB, Appellant.

Mortgage — statutory foreclosure — rights and equities of subsequent grantees of mortgaged property under statutory foreclosure void against mortgagor for want of notice.

It is settled law in this state that the purchaser at a mortgage sale under an attempted statutory foreclosure, void as against the mortgagor for want of notice, becomes assignee of the mortgage, and each subsequent grantee becomes in turn assignee thereof. This rule applied in a case where the foreclosure proceedings were void for failure to serve a notice on the mortgagor, where the property had passed through several hands after the sale, and the rights of incumbrancers before and after the void sale were involved in the controversy.

*Ketcham* v. *Deutsch*, 152 App. Div. 904, reversed.

(Argued March 11, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered September 23, 1912, affirming a judgment entered upon a decision of the court on trial at Special Term in an action to foreclose mortgages upon real property.

The facts, so far as material, are stated in the opinion.

*Charles H. Street* and *Leander B. Faber* for appellant. The fact that Henry Marsh acted as agent for the widow and children of Eli Bennett, the deceased mortgagee, when he purchased the premises on the foreclosure sale of 1894, and not as agent for Eli Bennett's adminis-

tratrix, has been settled beyond dispute by the unanimous affirmance below; and consequently the respondent takes nothing under his assignment from the administratrix. (*Elterman* v. *Hyman*, 192 N. Y. 113; *Hamlin* v. *Hamlin*, 192 N. Y. 164; *Bremer* v. *Manhattan Railway Co.*, 191 N. Y. 333; *City of Buffalo* v. *D., L. & W. R. R. Co.*, 190 N. Y. 84; *Israel* v. *Manhattan Railway Co.*, 158 N. Y. 624.) The conclusion of the trial court that the appellant is not the owner of the whole of both of the mortgages in suit, but of eight twenty-thirds of each of said mortgages only, is erroneous. (*Townshend* v. *Thompson*, 139 N. Y. 161; *Miner* v. *Beekman*, 50 N. Y. 337; *Winslow* v. *Clark*, 47 N. Y. 263; *Robinson* v. *Ryan*, 25 N. Y. 320; *Finn* v. *Lally*, 1 App. Div. 411; *Wing* v. *Field*, 35 Hun, 620; *Jackson* v. *Bowen*, 7 Cow. 14; *Deutsch* v. *Haab*, 135 App. Div. 756; *Gotlieb* v. *City of New York*, 128 App. Div. 148.) The trial court erred in receiving in evidence the bonds given by appellant to Nathaniel Ketcham, and in determining that the plaintiff was entitled to recover the amount due on said bonds in this action. (*Young* v. *Dresser*, 137 App. Div. 313; *Anderson* v. *Smitely*, 141 App. Div. 427; *Windecker* v. *M. L. Ins. Co.*, 12 App. Div. 73; *Cohn* v. *Husson*, 66 How. Pr. 150; Nichol's N. Y. Practice, 991; *Wright* v. *Delafield*, 25 N. Y. 266; *Truesdell* v. *Sarles*, 104 N. Y. 164; *Southwick* v. *First Nat. Bank*, 84 N. Y. 420; *Northam* v. *D. C. Mut. Ins. Co.*, 177 N. Y. 74.)

*Thomas Young* for respondent.

MILLER, J. The action is brought to foreclose two mortgages for the principal sums of $2,000 and $400 respectively on a farm in Suffolk county. The $2,000 mortgage was given by the defendant Deutsch to one Bennett on January 27th, 1892. The $400 mortgage was then on the premises. Bennett died. His widow as administratrix attempted to foreclose the $2,000 mort-

gage by advertisement. One Marsh purchased at the foreclosure sale as agent for the widow and the heirs and deeded the property to them. They joined in a deed to a son of Bennett and he deeded to Nathaniel Ketcham. Ketcham paid off the $400 mortgage and deeded the property to the appellant Haab and brother for $2,300, taking back a purchase-money mortgage of $1,500. The brother conveyed his interest to the appellant. After the conveyance to them Ketcham loaned to the Haabs $800, taking back two mortgages for $500 and $300 respectively on the premises. Upon the conveyance to them the Haabs went into possession and remained in possession until the appellant was defeated in an ejectment suit brought by said Deutsch. (See *Deutsch* v. *Haab*, 135 App. Div. 756.) In that suit it was adjudged that the foreclosure proceedings were void for failure to serve a notice on the mortgagor, and Deutsch recovered a money judgment for use and occupation, which the appellant paid. The appellant also paid the interest on the $1,500 mortgage to Ketcham up to April 15th, 1909. Ketcham died on the 18th day of May, 1911, intestate, and letters testamentary were issued to the plaintiff, his sole heir and next of kin. On the 10th day of November, 1911, the plaintiff as administrator assigned to himself individually all the right, title and interest of his intestate in and to the two mortgages for $2,000 and $400 respectively. He brought this action to foreclose said two mortgages. The judgment directs a sale and a division of the proceeds between the plaintiff and the appellant in the ratio of fifteen to eight. It also directs that the amount of the two mortgages of $500 and $300 respectively and interest thereon be deducted from the appellant's share and paid to the plaintiff.

We are unable to discover any logical ground to support the attempted division of the proceeds between the plaintiff and the appellant. The plaintiff in form obtained an assignment of the $2,000 mortgage from

Bennett's administratrix in 1908. But his learned counsel concedes that the plaintiff's and the appellant's interests are both derived from Nathaniel Ketcham. It is now settled law in this state that the purchaser at a mortgage sale under an attempted statutory foreclosure, void as against the mortgagor for want of notice, becomes assignee of the mortgage, and, of course, each subsequent grantee becomes in turn assignee thereof. (*Jackson* v. *Bowen*, 7 Cow. 13; *Wing* v. *Field*, 35 Hun, 617; *Finn* v. *Lally*, 1 App. Div. 411; *Robinson* v. *Ryan*, 25 N. Y. 320; *Winslow* v. *Clark*, 47 N. Y. 261; *Miner* v. *Beekman*, 50 N. Y. 337; *Townshend* v. *Thomson*, 139 N. Y. 152.) The reason for that is the provision of the statute that a "grant or devise of real property passes all the estate or interest of the grantor or testator unless the intent to pass the less estate or interest appears by the express terms of such grant or devise or by necessary implication therefrom." (1 R. S. 739, sec. 143; Real Property Law, Cons. Laws, ch. 50, sec. 245.) The affidavits of publication, etc., now take the place of the conveyance formerly executed by the one having the power of sale. (Code Civ. Pro. sec. 2400; Laws of 1838, chap. 266, sec. 8.) Each of the mortgages hereinbefore referred to was given to secure the bond of the mortgagor, and of course the debt would pass with the mortgage. Logically, therefore, the appellant acquired the whole interest of Nathaniel Ketcham, whatever it was, and not simply an eight twenty-thirds of it. It seems to have been assumed that there was a total failure of consideration for the $1,500 bond and mortgage given back, but that assumption is plainly erroneous as the assignment of the two bonds and mortgages for $2,000 and $400 respectively would furnish some consideration. The appellant may have been entitled to rescind but he has not claimed and does not claim that privilege. He is, therefore, entitled to whatever interest his grantor had, subject to the latter's equities arising from the $1,500 purchase-money bond and

mortgage and the two bonds and mortgages of $500 and $300 respectively.

The learned counsel for the respondent assumes the case of a bond and mortgage for a much larger sum than the sum bid at the sale and the consequent right of the mortgagee to recover the deficiency, from which he argues that the purchaser becomes only assignee *pro tanto* the sum bid at the foreclosure. While the purchaser becomes assignee of the mortgage, and, necessarily, therefore, of the debt, equity might protect the mortgagee's interest in any recovery for a deficiency arising on a subsequent foreclosure. It is sufficient to say, however, that no such question arises in this case. Both parties claim from Nathaniel Ketcham. The appellant obtained whatever interest the latter had, subject to his right to be paid the balance of the purchase price. He undertook to convey the premises, whereas he was at most the assignee of two mortgages, amounting with interest at the time of the judgment to $5,032.54. Had he conveyed the fee as he assumed to do, he would have been entitled at most to the payment of the balance of the purchase price, $1,500. The fact that his grant operated only to assign the mortgages does not entitle him to fifteen twenty-thirds of $5,032.54. The appellant, upon the issues as presented, was at least entitled to the balance of the proceeds of the sale after deducting the sum due on the $1,500 bond and mortgage.

It remains to consider what provision should be made, if any, with respect to the two bonds and mortgages of $500 and $300 respectively given by the appellant and his brother for borrowed money. While the mortgages were ineffectual to create a lien on the premises as the mortgagors had no title, they should in equity operate as an assignment *pro tanto* of whatever interest the mortgagors had. But it does not appear that those bonds and mortgages were assigned to the plaintiff and as administrator he is not a party to this action. Payment to him indi-

90 People ex rel. N. Y. C., etc., R. R. Co. *v.* Walsh.

[211 N. Y.] Statement of case. [April,

vidually would not protect the appellant from a claim in behalf of the estate of his intestate. The fact that the plaintiff is sole next of kin does not suffice, as it does not appear that the debts of his intestate have all been paid. (See *Blood* v. *Kane*, 130 N. Y. 514.) A new trial should, therefore, be granted to the end that the administrator of Nathaniel Ketcham may be made a party to the action or such other steps may be taken as the plaintiff may be advised to protect the interest of the estate.

The judgment should be reversed and a new trial granted, with costs to abide the final award of costs.

Hiscock, Chase, Collin, Cuddeback and Cardozo, JJ., concur; Willard Bartlett, Ch. J., absent.

Judgment reversed, etc.