**FIRST NAT. BANK OF ALVARADO v.
LANE et al. (No. 94.) ***

(Court of Civil Appeals of Texas.    Waco.
Oct. 16, 1924.   Rehearing Denied
Nov. 13, 1924.)

1. **Limitation of actions** ⬤⇒6(1)—**Limitation
statute barring suits to enforce liens on lands
in certain cases held applicable only to liens
existing at time of enactment.**

Complete Tex. St. 1920, art. 5695 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), barring suits to enforce liens securing notes unless debt extended of record, or suit brought within four years, applies only to liens existing at time of enactment of said article, but articles 5693, 5694, and remainder of article 5695, apply to liens created after their enactment as well as before.

2. **Mortgages** ⬤⇒345, 424 — **Certain statutes
held limitation statutes controlling enforcement of liens created by trust deeds or mortgages.**

Complete Tex. St. 1920, arts. 5693–5695 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695), when construed together cover entire field of limitation as applied to sales of real estate under powers conferred by deeds of trust or mortgages, and control legal enforcement of such liens whether enforcement is attempted in or out of court.

3. **Limitation of actions** ⬤⇒165 — **Limitation
statutes barring remedy of enforcement of
right construed differently from those taking
away right of enforcement.**

In construing provisions and effect of statutes of limitation, a distinction is drawn between those which operate merely to bar enforcement of right, thereby destroying remedy, and those which operate not only to bar remedy but also take away the right, in view of Rev. St. art. 5679.

4. **Limitation of actions** ⬤⇒168 — **Limitation
statute held to extinguish legal enforcement
of mortgage liens but not moral obligation of
debtor.**

Complete Tex. St. 1920, art. 5693 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5693), providing that liens created by mortgages or deeds of trust shall cease to exist four years after maturity of debt secured thereby, extinguishes only the legal enforcement of lien by contractual provision or decree of court, and does not affect moral obligation of debtor.

5. **Limitation of actions** ⬤⇒143(1), 151(2)—
**Revival of lien extinguished by limitation
statute held effective as against guardian individually, but not as to minor children.**

Where guardian of minor children, individually and as guardian, executed deed of trust to secure notes, and lien created thereby became barred by Complete Tex. St. 1920, arts. 5693–5695 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695), a subsequent written agreement between guardian and lienholder, for valuable consideration, reviving such lien, *held* valid as against guardian individually but ineffective as against the children; their rights having be-

come absolute when lien became barred by statute.

Error from District Court, Johnson County;  Irwin T. Ward, Judge.

Action by the First National Bank of Alvarado against S. L. Lane and others. From a judgment giving it insufficient relief, plaintiff brings error. Affirmed in part; reversed in part and remanded.

Polk & Sansom, of Fort Worth, for plaintiff in error.

J. M. Moore, of Cleburne, for defendants in error.

GALLAGHER, C. J.    This suit was instituted by the First National Bank of Alvarado, Tex., plaintiff in error, against S. L. Lane individually and as guardian of his minor children, defendants in error, to recover on a promissory note and foreclose a deed of trust lien to secure the same, given to said bank by said Lane in his individual capacity. The defendant pleaded limitation. The parties will be designated as in the trial court.

Upon the trial the case was by consent of both parties withdrawn from the jury and submitted to the court. Judgment was rendered by the court in favor of plaintiff for the sum of $3,623.13, but the court refused to foreclose the lien on the ground that the same "was barred by the statute of limitation of four years at the time of and prior to the filing of plaintiff's suit and because said lien had ceased to exist at the date of the filing of plaintiff's suit." Plaintiff has brought said judgment to this court for review by writ of error.

Defendant Lane, on July 16, 1916, for a valuable consideration, executed and delivered to plaintiff his promissory note, bearing said date and due January 1, 1917, for the sum of $2,500, with interest and attorney's fees as therein stipulated. To secure the payment of said note, defendant, on July 19, 1916, executed and delivered to plaintiff a deed of trust on the real estate described in the pleadings and judgment in this case. This deed of trust was shortly after its execution duly recorded in the mortgage records of Johnson county, in which county the lands here involved are situated. Defendant paid the interest on said note to July 1, 1920, but he never paid any part of the principal. On the 2d day of February, 1921, plaintiff and defendant entered into a written agreement as follows:

"Know all men by these presents: That whereas, heretofore, on July 19, 1916, S. L. Lane executed to W. O. Glasgow, trustee, a certain deed of trust to secure payment of a certain note of even date therewith for $2,500.00, executed by S. L. Lane to the First National Bank of Alvarado, Texas, which said deed of trust is recorded in Volume 73, page

259, of the Mortgage Records of Johnson County, Texas, said note being secured by a lien on property described in said deed of trust, reference to which instrument is here made for further description.

"Now therefore, in consideration of the sum of one ($1.00) dollar and other good and valuable consideration to each party hereto paid by the other, the receipt of which is hereby mutually acknowledged and confessed, we, the said S. L. Lane and the First National Bank of Alvarado, Texas, do hereby mutually agree that the time for the payment of the principal of said note shall be and the same is hereby extended for a period of four years from the date of the maturity thereof as at present expressed in said note and said deed of trust, each party hereto mutually agreeing and covenanting with the other that all of the other terms of said note and said deed of trust, except the maturity date thereof, shall be and remain as before; and the said S. L. Lane does hereby acknowledge that he is indebted to the said First National Bank in the amount of the indebtedness hereinabove described and that he will pay the same and that the bank shall have and retain all of the rights, liens and equities conferred on it by said note and deed of trust.

"Signed at Alvarado, Texas, on this 2d day of February, 1921, the signature of the First National Bank of Alvarado, Texas, being affixed hereunto by B. M. Sansom, its president, duly authorized thereunto, with corporate seal attached.

"S. L. Lane.

"First National Bank of Alvarado, Texas,

"By B. M. Sansom, its President. [Seal.]

"Attest: E. L. Shelton, Cashier."

This agreement was duly acknowledged by both parties on the day of its execution and was on the 4th day of February, 1921, filed for record in the office of the county clerk of Johnson county, and thereafter duly recorded. No further payments were made. This suit was instituted September 25, 1922.

The note sued on, according to its terms, became barred by the four years' statute of limitation on January 1, 1921, and the recorded lien became barred at the same time. That the above agreement of February 2, 1921, was a valid revival of the debt evidenced thereby and removed the bar of limitation then existing against the enforcement of the same as a personal obligation is not questioned. A personal judgment was rendered thereon against the defendant in this suit and he has not complained. The only issue in the case is whether the said agreement revived the lien which was then barred by limitation, and by such revival rendered the same enforceable in this suit.

[1] Defendant contends that this issue is determined against plaintiff and in favor of the judgment of the trial court refusing a foreclosure of such lien by the provisions of articles 5693, 5694, and 5695, Complete Texas Statutes 1920 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693, 5694, 5695), and especially by that subdivision of said article 5695 which reads as follows:

"And provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendors' lien notes reserved in deeds of conveyance which were executed subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them if same are valid obligations and not already barred by the four years' statutes of limitation when this act takes effect, and if such debt is not extended of record, or suit is not brought within such four years or four years after they mature, they shall be forever barred from the right to extend such debt of record, or bring suit to enforce the lien securing the same."

The subdivision of said article 5695 just quoted in terms applies to liens existing at the time of the enactment of said article, and such seems to be the construction placed thereon by the Supreme Court in Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447, 452. Articles 5693 and 5694 in terms expressly apply to liens created after their enactment, as well as to those created before. The subdivisions of said article 5695 which provide the manner of making a valid extension of liens affected by the two preceding articles and the force and effect of such extension are general in their terms, and applicable to liens created after as well as before the enactment of said article. They are hereinafter quoted. Such being the case, we are unwilling to extend the application of the stringent provisions of said subdivision of article 5695 above quoted beyond their express terms so as to make them apply to liens created subsequent to the enactment of said article. We therefore conclude that the issue under consideration must be determined by a proper construction and application of those parts of said articles 5693 and 5695 which are applicable, and which read as follows:

"Art. 5693. No power of sale conferred by any deed of trust or any mortgage on real estate heretofore executed, or that may hereafter be executed, shall be enforced after the expiration of four years from the maturity of the indebtedness secured thereby, and any sale under such power after the expiration of such time shall be void, and such sale may be enjoined and the lien created in such mortgages or deeds of trust shall cease to exist four years after the maturity of the debt secured thereby. * * *"

"Art. 5695. When the date of maturity of either debt referred to in either of the foregoing articles is extended, if the contract of extension is signed and acknowledged as provided for in the law relating to the execution of deeds of conveyance by the party or parties obligated to pay such indebtedness as extended and filed for record in the county clerk's office in the county in which the land is situated, the lien shall continue and be in force until four years after maturity of the notes as provided in such extension, the same as in the original contract and the lien shall so continue for any succeeding or additional extension so made

and recorded. The date of maturity set forth in the deed of conveyance or deed of trust or mortgage or the recorded renewal and extension of the same shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned. * * * "

[2] Said three articles above referred to, when construed together, were intended by the Legislature to cover the entire field of limitation as applied to sales of real estate under powers conferred by deeds of trust or mortgages and under decrees of foreclosure in the courts. They are primarily statutes of limitation, controlling the legal enforcement of such liens, whether such enforcement is attempted in or out of court. Cathey v. Weaver, supra; City of Laredo v. Salinas (Tex. Civ. App.) 191 S. W. 190, 191 (writ refused); Iola State Bank v. Mosley (Tex. Civ. App.) 259 S. W. 227, 228 (writ refused).

[3, 4] In construing the provisions and effect of statutes of limitation, a distinction has been drawn between those which operate merely to bar enforcement of the right in court, and which thereby destroy the remedy only, and those which operate not only to bar the remedy but to also divest title or take away the right. Goldfrank v. Young, 64 Tex. 432; Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; 17 R. C. L. p. 666, § 4; Revised Statutes, art. 5679; Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483. It is contended that this case belongs to the latter class by reason of the fact that said article 5693 provides that "the lien created in such mortgages or deeds of trust shall cease to exist four years after the maturity of the debt secured thereby." If we concede that said provision of the statute does "take away the right" to a lien within the meaning of the rule announced in the latter class of cases, still this does not ordinarily mean that such right is satisfied, but rather that in a legal sense, so far as enforcement of the same by contractual provision or by decree of court against anybody claiming the benefit of such bar is concerned, the existence of such lien is at an end. With the moral obligation of the original debtor giving the lien to permit the property covered thereby to be appropriated by the creditor to the payment of his debt, the statute does not attempt to deal. 17 R. C. L. p. 666, § 4; Eingartner v. Illinois Steel Co., 103 Wis. 373, 79 N. W. 433, 434, 74 Am. St. Rep. 871. There is nothing in the statutes applicable in this case forbidding the foreclosure of such liens in court with the consent or acquiescence of the parties adversely affected thereby, and such consent or acquiescence may be evidenced by a failure to plead such statutes in bar or such foreclosure. It seems that a lien which has become barred and determined by the provisions of said statutes and priority thereof against a junior lienholder interposing the same as a defense denied may nevertheless be foreclosed in the same action against a party who has not pleaded such statutes in bar of such foreclosure. Cathey v. Weaver (Tex. Civ. App.) 193 S. W. 490, 491, 494. The holding of the Court of Civil Appeals on this question was expressly approved by the Supreme Court in its opinion on writ of error in said case. Cathey v. Weaver, supra, 111 Tex. 515, 242 S. W. 454. In the case of Pecos Mercantile Co. v. McKnight (Tex. Civ. App.) 256 S. W. 933, the junior lienholder brought suit against its mortgagor to establish its debt and foreclose its lien, and impleaded a prior lienholder, claiming that such prior lien was barred by the terms of said statutes and that it was entitled to priority of payment out of the proceeds of the sale of such property on that account. Said prior lienholder, by cross-action, also sought judgment for his debt and foreclosure of his lien against the defendant, who made default. The prior lien was admittedly barred by said statutes. Notwithstanding this fact, the trial court gave both lienholders judgment for their respective debts, with foreclosure of their respective liens, awarding priority to the prior lien on the ground that said junior lienholder could not avail itself of the statutes to defeat the prior lien or to secure priority over the same when the defendant failed to appear and plead such statutes. The Court of Civil Appeals held to the contrary on such issue and awarded priority of payment to the junior lienholder. That court, however, not only did not disturb the judgment for debt and foreclosure awarded the prior lienholder on his barred debt and lien, but also required the junior lienholder to exhaust separate security held by it before resorting to the property upon which both said liens were foreclosed.

[5] The written agreement between the parties relied on to revive the lien in this case and to render the same enforceable in court not only imports a valuable consideration but recites such consideration in express terms. So far as such agreement operates to revive the lien sued on in favor of plaintiff against the defendant individually, we see no reason for holding it invalid or ineffective to support a judgment of foreclosure in this case. It seems to us that any other holding would be an arbitrary and unwarranted interference with the right of plaintiff and defendant to freely contract with reference to their respective properties. St. L. S. W. Ry. Co. v. Griffin, 106 Tex. 477, 483, 171 S. W. 703, L. R. A. 1917B, 1108; Curlee v. Walker, 112 Tex. 40, 43, 244 S. W. 497; Hess v. Denman Lumber Co. (Tex. Civ. App.) 218 S. W. 162 (writ refused); Williams v. Baldwin (Tex. Com. App.) 228 S. W. 554, 557; Wright v. McAdams Lumber Co. (Tex. Com. App.) 234 S. W. 878, 879; Jordon v. State, 51 Tex. Cr. R. 531, 103 S. W. 633, 11 L. R. A. (N. S.) 603, 14 Ann. Cas. 616.

This holding is limited, however, to such

interest, and to such interest only as the defendant had in the lands covered by the mortgage sued on at the time he joined in the ·execution of such contract of revival. The lien having once become barred, he could not by such action revive the same as against any interest his minor children had in said lands as heirs of their deceased mother, even if, as claimed by plaintiff, a part of the debt secured by said lien was for purchase money of one of the tracts of land. The rights of ·the children of the deceased wife became absolute when such lien became barred by the statute. Holford v. Patterson. (Tex. Sup.) 257 S. W. 213, 214, and authorities there cited. There is evidence tending to show that the children of defendant's deceased wife have some interest in at least one of the tracts of land covered by said lien as heirs of their said mother, but the extent of such interest is not shown with sufficient certainty to enable us to render judgment foreclosing such lien. We therefore affirm the judgment in favor of the plaintiff against defendant for recovery of its debt, with interest from date of judgment and costs of suit, and reverse the judgment denying plaintiff a foreclosure of its lien, and remand such issue to the district court for further proceedings in accordance with this opinion.