## WILLIAMS v. CROOM et al.

(Court of Civil Appeals of Texas. Galveston.
June 17, 1919. Rehearing Denied
Oct. 9, 1919.)

COURTS ⬤⟐481 — DECISION THAT JUDGMENT WAS SATISFIED BEFORE EXECUTION SALE NOT ATTACK ON JUDGMENT.

Adjudication by one district court that a judgment of another district court had been satisfied before an execution sale was made under it, and that the sale could not divest owner of title or invest title in purported purchaser, was not void for want of jurisdiction over subject-matter, not being an impeachment of the integrity of such judgment of the other court, nor such an attack upon it as could only be presented in the court that rendered it.

Error from District Court, Harris County; T. M. Kennerly, Special Judge.

Scire facias by Betty Croom and others against Isaac Williams to revive a judgment. Decree reviving judgment, and Isaac Williams brings error. Affirmed.

Elliott Cage, of Houston, for plaintiff in error.

A. C. Van Velzer, of Houston, for defendant in error.

GRAVES, J. This was a proceeding in in scire facias, brought in the same court, to revive a judgment for damages in the sum of $756 rendered by the Sixty-First district court of Harris county on January 8, 1917, in favor of Betty and William Croom against Isaac Williams alone, in a suit in which Bassett Blakely had also been a party defendant. More than a year had elapsed without the issuance of execution thereon, by reason of which the judgment had become dormant, occasion being thereby furnished for this application by the Crooms, joined by several other parties apparently as a matter of form, to so revive it against Williams as to permit the issuance of execution for the amount of the recovery.

Upon a hearing had March 25, 1918, the application was granted and a decree entered so reviving the former judgment as to direct the issuance of an execution against Williams for the amount formerly adjudged against him, together with interest and costs. From such judgment of revivor he sues out this writ of error, making Blakely, his codefendant in the original suit, an adverse party to his appeal.

Through a number of assignments his sole contention is that the court in this proceeding was without jurisdiction to revive its former judgment, because, it is said, that judgment itself was wholly void for lack of jurisdiction in the court over the subject-matter. The want of jurisdiction is alleged to have resulted from the fact that it was an attempt by the Sixty-First district court of Harris county to cancel a sale made under a judgment theretofore rendered by a different district court of the same county, that is, the Fifty-Fifth, and therefore simply amounted to an impeachment of the integrity of the latter court's judgment.

But we do not understand such to have been the gist and effect of the Sixty-First court's action, under the particular facts shown. It appears that the Fifty-Fifth district court had first rendered a personal judgment for the sum of $205 in favor of Isaac Williams against Betty Williams, under an execution from which some lots belonging to the latter had been sold and ostensibly bought in by Bassett Blakely for $100, to whom a sheriff's deed was accordingly issued; subsequently, the Eleventh district court of Harris county, in a suit in that court involving the matter, to which both Isaac and Betty Williams were parties, adjudged that this personal recovery for $205 against Betty Williams had been settled and satisfied prior to the execution and sale thereunder to Blakely; still later, the Sixty-First district court, in an original judgment, which the one now appealed from merely revived after it had become dormant through failure of execution to issue thereon within a year, first simply recognized as being res adjudicata of that question the Eleventh district court's holding that the $205 personal judgment had been satisfied, then further determined—after a jury had found that none of Blakely's money had been paid for the conveyance taken in his name and that he was not an innocent purchaser at the sheriff's sale—that the deed to him was of no effect, and decreed the title and possession of the land to Betty Croom, formerly Betty Williams, at the same time awarding her and her then husband, William Croom, the previously mentioned personal judgment for $756 as damages against her former husband, Isaac Williams. No appeal was taken from that judgment by either Blakely or Isaac Williams; but, as before stated, the Crooms allowed it to become dormant through failure to take out execution within a year, and the revivor simply permitted them to now have such process against Williams for the $756 with accumulated interest and costs.

We are not prepared to hold that the court exceeded its power in entering such judgment. To determine that the personal judgment of the Fifty-Fifth district court for so much money had been satisfied before an execution sale was made under it, and that as a consequence the sale could not be the means of divesting the title to the property involved out of the previous owner and investing it in the purported purchaser thereat,

is neither an impeachment of the integrity of that judgment, nor such an attack upon it as could only be presented in the court that rendered it. Hamburger v. Kosminski, 61 S. W. 958. In a word, the integrity of the court's action in rendering the judgment is in no wise questioned by a showing that it has been paid; no more so than would the validity of a judgment vesting title be put in issue by an action having to do solely with the subsequent purchase or ownership of that title. Houghton v. Rice, 15 Tex. Civ. App. 561, 40 S. W. 1057; Kruegel v. Rawlins, 103 Tex. 86, 124 S. W. 419. The original judgment of the Sixty-First district court did nothing more than this, aside from its own independent award of $756 damages, and could not therefore be held to have undermined the former personal judgment for $205 rendered by the Fifty-Fifth district court.

From these deductions it follows that the assignments must be overruled, and the trial court's judgment affirmed; that order has accordingly been entered.

Affirmed.