W. H. BROWNE v. MRS. M. H. KING ET AL.

No. 3196.  Decided October 26, 1921.

(235 S. W., 522.)

1.—Power of Attorney—Conveyance.

A power of attorney giving the agent the right to an interest in land to be recovered for his principal conferred no present equitable interest on the attorney.  It was an executory contract giving him an equitable right to future conveyance; but this only on performance of the condition of recovery. (Pp. 334, 335).

2.—Same—Interest in Land Recovered—Notice.

A power of attorney authorizing the grantee to employ counsel, sue for and recover land of the grantor from adverse claimants, and providing that in consideration for his services there was granted him one-half of the amount of land so recovered, conveyed to such attorney in fact no present

interest in the land; the grant was effective only on recovery in a successful suit or settlement. Such action by him was necessary to the vestiture of interest in him. (Pp. 334, 335).

**3.—Same—Notice—Action—Innocent Purchaser.**

Where performance by an attorney in fact, by recovery of land for his principal, was necessary to the vesting in the attorney of an interest therein provided as his compensation by the power of attorney, neither the record of such instrument nor an action brought for the land in the name of the principal, that of the attorney in fact not appearing in the proceedings, conveyed to the adverse claimant such notice of performance or part performance by such attorney and of his resulting equitable interest as to prevent such claimant being protected as an innocent purchaser in settling, with and taking conveyance from the plaintiff in such suit. (P. 335).

**4.—Foreclosure—Parties—Sale—Redemption.**

Where in a foreclosure sale of land a vendee of the mortgagor with a recorded deed was not made a party, the purchaser becomes, as to such vendee, a mortgagee in possession; the purchaser's assignee stands in the same relation; and the vendee not a party to the foreclosure can recover the land only on payment of the mortgage debt. (P. 336).

**5.—Same—Cases Discussed.**

Bradford v. Knowles, 86 Texas, 505, distinguished. Rodriguez v. Haynes, 76 Texas, 225; Silliman v. Gammage, 55 Texas, 365; Approved and followed. (P. 336).

Error to the Court of Civil Appeals for the Fourth District in an appeal from Nueces County.

Browne, who had intervened in a suit by Acrbos against Mrs. King, after settlement by the latter with the plaintiffs, asserting an interest in the land in controversy, appealed from a judgment denying him recovery. On affirmance (196 S. W., 884) he obtained writ of error from the Supreme Court.

*J. C. Scott* and *P. M. Young,* for plaintiff in error.—On the trial of his plea of intervention in the court below, Browne having introduced proof showing the legal title of the Acebos, such proof would have been sufficient to secure a recovery of the land for the Acebos in the original suit. The deed from the Acebos containing general warranties, unqualified as to the claim of Browne, contained by implication of law the claim on the part of the grantors of superior title and right of possession; and the acceptance of said deed by the grantee therein was an admission of such superior title and right of possession. By accepting the deed from the Acebos Mrs. King admitted that her possession was not held adversely to them or in right of title in herself. The burden of proof was on Mrs. King to show the existence of an adverse possession in herself which would have defeated the suit of the Acebos. Doty v. Barnard, 92 Texas, 104, 47 S. W., 712; Williams v. Hardie, 85 Texas, 499, 22 S. W., 399; Cook v. Knott, 28 Texas, 85; Kimbro v. Hamilton, 28 Texas, 561.

The contract between the Acebos and Browne was something more than a power of attorney; it was a contract of employment under the terms of which Browne was to render services and as a compensation therefor was to have an interest in the particular land which was the subject of the contract. All the various rules of construction which have from time to time been adopted and acted upon are designed for the purpose of arriving at and carrying out the intention of the contracting parties. Browne clearly had an interest in the execution of the contract equal to and as extensive as that of the Acebos themselves; and the Acebos could not revoke or set aside said contract arbitrarily at a time and in a manner by which the estate of Browne would be destroyed. Hazlett v. Harwood, 80 Texas, 508, 16 S. W., 310; Taylor v. Taul, 88 Texas, 665, 32 S. W., 866; Garner v. Boyle, 79 S. W., 1066; Garner v. Boyle, 97 Texas, 460, 77 S. W., 987; Wells v. Littlefield, 59 Texas, 556; Brady v. Cope, 187 S. W., 678; Ingersoll v. Coram, 211 U. S., 335; Mackall v. Willoughby, 167 U. S., 681; Story on Agency, sec. 476; Hodges v. Grapel, 20 N. E., 542; Standige v. Chicago Ry. Co., 98 N. E., 963; Heyn v. New York Life Ins. Co., 84 N. E., 725; Pacific Coast Co. v. Anderson, 107 Fed., 973.

Jose Acebo, who purchased from Domingo Rotge subsequently to the execution of the Deed of Trust in favor of Mrs. King, but before the suit to foreclose the same was filed, having placed his deed of record, was a necessary party to the suit of foreclosure, and not having been joined therein, he and those holding under him are not bound by the judgment of foreclosure. Bradford v. Knowles, 86 Texas, 505.

*James B. Wells, Joseph K. Wells,* and *Harbert Davenport,* for defendants in error.—The superior title to the land sued for originally by the plaintiffs in this case, and which is described in the power of attorney from said original plaintiffs to appellant, is, and at the time of the execution of said power of attorney was, and at all times since the execution of said power of attorney has been, in this appellee, since it appears from the uncontroverted evidence offered by appellant that this appellee holds said land under a sale made under a Deed of Trust executed by Domingo Rotge, which Deed of Trust contained an express covenant that said Domingo Rotge, his heirs and assigns should be bound by a sale under such Deed of Trust; while the Acebos claimed title solely under a subsequent deed from said Domingo Rotge, by its terms made expressly subject to the provisions of said Deed of Trust. Peters v. Clements, 46 Texas, 114; Willis & Bro. v. Gay, 48 Texas, 463; Montgomery v. Noyes, 73 Texas, 203; Runge v. Gilbough, 87 S. W., 832; Saunders v. Hartwell, 61 Texas, 679; Belmont v. Coleman, 78 Am. Dec., 213; Bradford v. Knowles, 86 Texas, 505.

Even though the judgment and foreclosure as against Domingo Rotge under the terms of said Deed of Trust, and the sale and conveyance thereunder to the Milmo National Bank, were insufficient to transfer the title to said land as against Jose Acebo, as a subsequent vendee of said Domingo Rotge, said judgment was a valid personal judgment against said Domingo Rotge, which established the amount of his debt secured by the lien created by said Deed of Trust, and removed the operation of the statutes of limitation as against the same, and the sale of the land under order of sale issuing from said judgment, and the purchase thereof by the Milmo National Bank, entitled said Milmo National Bank and this Appellee, claiming under it, to hold said property until reimbursed in the amount paid for said land at said foreclosure sale. King v. Brown, 80 Texas, 278; Beck v Tarrant, 61 Texas, 403; Morrow v. Morgan, 48 Texas, 308; Jones v. Smith, 55 Texas, 333; Burns v. Ledbetter, 54 Texas, 374; McDonough v. Cross, 40 Texas, 251; Garrett v. Gaines, 6 Texas, 435.

The power of attorney executed by appellees Dimas F. Acebo and Jose A. Acebo in favor of appellant of date September 21, 1907, is not coupled with an interest, and did not convey to appellant any interest whatever in the land claimed by the Acebos, and originally sued for by them in this case. Daugherty v. Moon, 59 Texas, 397; Wells v. Littlefield, 59 Texas, 556; Taylor v. Taul, 32 S. W.. 866. 88 Texas, 665; Tinsley v. Dowell, 26 S. W.. 946. 87 Texas. 23; Wadsworth v. Groom, 129 S. W., 1157; Gilmer v. Veatch, 121 S. W., 545; Hunt v. Rousmanier's Administrators (8 Wheaton. 174), 21 U. S.. 174; Missouri v. Walker, 125 U. S., 339; Griffith v. Maxfield, 51 S. W., 832, 66 Ark., 513.

Appellant, Browne, did not allege any facts sufficient to show that he had any interest whatever in the land described in his plea in intervention, and on the contrary did allege facts which show that this appellant held the superior title thereto. Same authorities.

The power of attorney sued on by appellant does not purport to divest appellees, the Acebos, of their right to control any suit instituted by appellant in their behalf, or to vest such right of control in appellant; or to divest appellees, the Acebos, of their right to determine for themselves the price at which their claim to the land in controversy should be sold; or to vest such right in appellant; or to transfer from said Acebos to appellant, the right to determine whether their interests would be best subserved by prosecuting or compromising any suit so instituted. Same authorities.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The suit is a controversy between W. H. Browne and Mrs. H. M. King over an undivided interest of approximately 1044 acres of land in Kleberg County. It was originally instituted by Dimas F. Acebo and Joseph A. Acebo against Mrs. King. Later, the Acebos settled

the suit by conveying the land to Mrs. King. This was without Browne's knowledge. After this conveyance and while the case continued on the court's docket, Browne intervened, asserting an interest in the land in virtue of a power of attorney given him by the Acebos under which he claims the suit was originally brought.

The Acebos held title under one Domingo Rotge and subject to a mortgage lien upon the land in Mrs. King's favor, given by Rotge to secure certain indebtedness.

During the life of this indebtedness and lien and while the title, under a duly recorded deed, was in Jose Acebo, the father of the Acebos here and through whom they deraign title, Mrs. King instituted a foreclosure suit and obtained a judgment for her debt with foreclosure of her lien. Jose Acebo, the then holder of the title, was not made a party to the foreclosure suit. At the foreclosure sale the land was bought in by the Milmo National Bank of Laredo for $4822.00, an amount sufficient to satisfy the judgment debt. Later, the Bank conveyed the land to Mrs. King for a consideration of $4458.35, paid by her, and she went into possession. Her possession has since continued.

Sometime after these proceedings and after they had acquired the Jose Acebo title, Dimas F., and Joseph A. Acebo gave to Browne the power of attorney which is the basis of his claim to an interest in the land. It was duly of record when Dimas F. and Joseph A. Acebo settled their suit for the land against Mrs. King by their conveyance to her. The power of attorney, among other things, empowered Browne to employ counsel and to sue for this land, and provided that in consideration of his services in effecting its recovery for the Acebos there was granted him one-half of the amount of land so recovered.

The suit of the Acebos against Mrs. King for the land was brought by an attorney employed by Browne. Browne examined the records; furnished the attorneys an abstract of title; went personally upon the land twice; and did such other things for the preparation of the trial as his attorney directed. The suit, however, was wholly in the name of the Acebos. It did not disclose any interest of Browne. Mrs. King in acquiring the title of the Acebos had no notice, so far as the record shows, of Browne's connection with the suit or of anything done by him in relation to it or the land. Her notice of any interest held by him in the land was such only as was afforded by the record of the power of attorney given him by the Acebos.

In the trial court a verdict was directed against Browne. The judgment was affirmed by the Honorable Court of Civil Appeals. Browne, in this Court, makes no complaint of the judgment except as between Mrs. King and himself.

The instrument executed by the Acebos and given Browne was not effective on delivery as a deed to one-half of the land. It conveyed no present interest. His interest was to be a future one. It was to be

in the land when "recovered," and then only in consideration of the performance of his part of the contract. Except upon such performance he was to have no interest. Further action on his part was necessary—his recovery of the land for the grantors by the prosecution of a sucessful suit or amicable partition. There was no grant to him of an interest in the land under its existing status. The grant was an interest in the land "so recovered," revealing very plainly that his interest was to be effective only after the successful exercise of his agency. The necessity for future action on Browne's part as the condition for the vestiture of any interest in his favor, made the contract purely executory. Hazlett v. Harwood, 80 Texas, 508; Taylor v. Taul, 88 Texas, 665.

Browne, himself, recognized that the instrument conveyed to him no present interest, for the suit which he caused to be instituted for the recovery of the land, was alone in the name of the Acebos.

While this is true, the instrument was something more than a mere naked power of attorney. It was a contract on the part of the Acebos to convey to Brown the legal title to one-half of the land upon his performance of the agreement. Such performance by Brown would have vested in him an equivalent equitable interest. After the performance of his agreement in part, the Acebos could not, in breach of their contract, defeat Browne's interest by a refusal to permit him to complete the agreement and a sale of the legal title to their adversary. A purchaser of the legal title under such circumstances, with notice of Browne's equity, would take it subject to his rights. The title of the purchaser with notice would be subordinate to Browne's equitable interest if the latter were able to establish that but for the sale he could and would have perfected that interest.

But, at best, Browne's right was only an equity; and if fully perfected by his entire performance of the contract could only have amounted to an equitable interest. If it be admitted that at the time of the sale by the Acebos of the legal title to Mrs. King he had done everything required of him under the contract up to that time, and that but for such sale he would have been able to recover the land, yet, if Mrs. King bought the title without notice of his equity, she would be entitled to protection as an innocent purchaser. Mrs. King had constructive notice of the contract when she purchased the legal title. But the contract of itself conferred no equity. Performance by Browne of the agreement was necessary to the creation of his equitable interest, and therefore to affect the legal title in Mrs. King's hands with his interest it was necessary that he establish that she bought with notice of such performance. There was no proof that she had such notice. According to the record she knew nothing of Browne's relation to the suit of the Acebos or of anything he had done in performance of his contract with them. The record of the con-

tract gave her no such notice, and the suit itself in no way disclosed Browne's connection with it.

Aside from this feature of the case Brown, under his pleading, was not entitled to recover the land. Mrs. King's foreclosure suit and sale did not affect the title of the Acebos, since the then holder of the title was not a party to the suit. But, with the owner of the equity of redemption not a party to the suit, the foreclosure sale operated as an equitable assignment of the mortgage to the purchaser. Bradford v. Knowles, 86 Texas, 505. Equity in such case will treat the mortgage as still in force, and the purchaser at the sale, by subrogation to the rights of the original holder, may in a proceeding with proper parties disregard the first sale and have the premises resold, so that the rights of all parties may be protected and enforced. Silliman v. Gammage, 55 Texas, 365.

Mrs. King on purchasing the land from the purchaser at the foreclosure sale, succeeded to the same right and went into possession of the land under such sale. Her status became that of a mortgagee in possession, and was such at the time of the suit of the Acebos and Browne's intervention in that suit. Neither at the time of the foreclosure sale nor of her purchase and entry was the mortgage lien barred. The Acebos held their title subject to this mortgage. Browne could acquire no better right than they possessed. The Acebos were not entitled to recover the land without paying the mortgage debt, nor was Browne. Mrs. King was a mortgagee in possession, and she could in no event be dispossessed by Browne without payment of such debt. Rodriguez v. Haynes, 76 Texas, 225. Browne in his intervention made no offer to pay the debt, but sought to recover the land wholly without its payment.

In Bradford v. Knowles, 86 Texas, 505, relied on as authority by Browne for his right to recover the land without paying this debt, it was held under the facts there that the junior holder of the legal title to a part of the land, who had not been made a party to the mortgage foreclosure suit, was not in equity obliged to refund the purchase money to those holding under the purchaser at the foreclosure sale as a condition of the right to recover the land. But this was because the mortgage was barred when the foreclosure proceedings were instituted—a fact the holder of the legal title, if a party to the foreclosure suit, would have been entitled to establish; and because, also, he would have had the right to require the other part of the land sold before his part was proceeded against. There is no such condition here. The mortgage here was in full force down to and subsequent to the time Mrs. King bought from the foreclosure purchaser and her entry into possession; and the Acebo title embraced all the land subject to the mortgage.

The judgments are affirmed.

*Affirmed.*