**PHILLIPS et al. v. WILSON et al.**

(No. 9494.)

(Court of Civil Appeals of Texas. Dallas. Jan. 16, 1926.)

**I. Trusts ☞371(2)—Allegations of petition held sufficient to show creation of resulting trust for wife in land conveyed to husband.**

Allegations of petition as to execution of deed to plaintiff's husband and payment of part of consideration in cash from plaintiff's separate estate *held* sufficient to show creation of resulting trust in land for plaintiff in proportion of such payment to entire consideration.

**2. Husband and wife ☞221—Wife held necessary defendant, in suit on vendor's lien notes assumed by husband, to adjudicate her rights.**

Wife, from whose separate estate part of consideration for land deeded to her husband was paid, was not necessary party defendant, in suit on vendor's lien notes assumed by him, in order to effectually foreclose lien, but should have been made a defendant to foreclose her equity of redemption or adjudicate any of her rights.

**3. Trusts ☞361—Wife, not made party to suit on vendor's lien notes assumed by husband not required to tender pro rata part of judgment to have trust declared and title to portion of land paid for by her established.**

Wife not made party defendant in suit on vendor's lien notes assumed by her husband, to whom land partly paid for from her separate estate was conveyed, should not be required to pay or tender into court amount of judgment on notes or her pro rata part thereof to recover in suit to declare trust and establish her title to proportionate part of land.

**4. Trusts ☞371(1)—Allegations of petition held sufficient to show that purchasers of trust property at vendor's lien foreclosure sale were not innocent purchasers for value.**

Allegations of wife's petition to declare trust in, and establish her title to, such portion of land deeded to her husband as was paid for from her separate estate, *held* sufficient to show that defendant purchasers at vendor's lien foreclosure sale had notice of facts creating trust when deed to husband was executed and sale made, and hence were not innocent purchasers for value.

**5. Vendor and purchaser ☞291—Purchasers at vendor's lien foreclosure sale held entitled to sale of wife's interest in land if sale of husband's interest failed to satisfy judgment.**

Though wife, from whose separate estate land conveyed to husband, who assumed vendor's lien notes, was partly paid for, was not party defendant to proceedings to foreclose lien, purchasers at foreclosure sale became holders of all rights to notes, lien, etc., merged into judgment on notes, may have wife's interest ordered sold, if sale of husband's interest fails to satisfy judgment, as wife's title cannot be released from lien on entire tract until debt secured is paid in full.

**6. Trusts ☞371(6½)—Petition for declaration of trust in, and establishment of title to, land, and for other relief to which entitled, held not vulnerable to general demurrer.**

Petition in wife's suit against purchasers at vendor's lien foreclosure sale to declare trust in, and establish her title to such portion of, land conveyed to husband as was paid for from her separate estate, *held* not vulnerable to general demurrer because subject to special exceptions, though it failed to make clear quantum and particular character of relief she was entitled to under facts alleged, in view of prayer "for such other relief, special and general, as in law or equity she may be entitled to."

**7. Trusts ☞374—Protection of wife's rights held permissible in suit to declare trust in and establish title to portion of land paid for from her separate estate to extent authorized in proceedings against husband to foreclose vendor's lien.**

Where original holder of vendor's lien notes elected to collect debt through foreclosure proceedings, instead of disaffirming contract to convey and repossessing land for breach of contract by subsequent purchaser, who assumed notes, and knew, as did copurchaser at foreclosure sale, at time of deed to such purchaser, that land was partly paid for from separate estate of latter's wife, her rights may be protected in suit to declare trust in, and establish her title to, proportionate part of land, to extent permissible in foreclosure proceedings had she been made defendant therein.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by Flora Phillips and husband against G. H. Wilson and another. From judgment sustaining general demurrer to petition, plaintiffs appeal. Reversed and remanded.

Roy C. Ledbetter, of Dallas, for appellants.

Byrd E. White, of Lancaster, for appellees.

VAUGHAN, J. This is an appeal by appellants, plaintiffs in the court below, from a judgment sustaining a general demurrer urged by appellees, defendants in the court below, to the following first amended original petition filed by appellants:

"Now comes Flora Phillips, joined pro forma by her husband, John Phillips, residents of Ellis county, Tex., hereinafter called plaintiffs, and leave of court first being had and obtained, files this her first amended original petition, complaining of J. H. Wilson, a resident of Ellis county, Tex., and Joe Watson, a resident of Dallas county, Tex., hereinafter called defendants, and respectfully represent to the court:

"That heretofore on or about December 21, 1918, the plaintiff John Phillips purchased from Hilliard Coumpy and wife the following described tract of land: (Here follows description of the tract of land out of the Francis Jones survey alleged to contain 200 acres of land.)

"And on said date the said Coumpy and wife made deed to John Phillips for the above-described tract of land. The consideration for the said land was $27,000. Of this amount there was paid in cash $5,000 of the separate estate of Flora Phillips, a married woman, received from the estate of her former husband, A. D. Bryant. At the time of making the above purchase and at the time of making the deed aforesaid, Hilliard Coumpy and J. H. Wilson knew that $5,000 of the purchase price of said land was the separate estate of said Flora Phillips as above alleged.

"In a certain cause in the district court for the Forty-fourth judicial district of Dallas county, Tex., No. 41897–B, on the docket of said court, J. H. Wilson sued Hilliard Coumpy and wife, and John Phillips, on vendor's lien notes due the said J. H. Wilson by Hilliard Coumpy and assumed by John Phillips in the deed to said above-described property, and therein obtained final judgment on the 7th day of April, 1922, for the amount of said notes and foreclosure on the above-described land. This plaintiff was not a party to said suit. Out of said suit execution was issued and levy was made on the above-described tract of land with order of sale, and at said sale on the first Tuesday in September, same being the 5th day of September, 1922, said J. H. Wilson and Joe Watson purchased the above-described land for the sum of $1,000, and credited the amount of their bid upon the judgment obtained by J. H. Wilson in the above-mentioned suit. Said J. H. Wilson and Joe Watson, and neither of them, paid anything of value for said land, and at said sale and before their bid, it was announced that this plaintiff, Flora Phillips, had the above-described claim against said property, and said purchasers and each of them and their agent had notice at the time of making said bid that $5,000 of the separate estate of the plaintiff Flora Phillips had been paid on the purchase price of said land."

This appeal is predicated upon the following propositions:

"Where the wife's separate property is used to pay the part cash consideration for land which is deeded to her husband, a resulting trust in the title to the land arises in her favor in the proportion which her funds bear to the whole consideration.

"The title arising in parol from the resulting trust in favor of one who pays part of the consideration for land deeded to another is not subject to the registration statutes of Texas.

"One who comes into possession of land with notice of a resulting trust in favor of one who pays part of the consideration for the property takes the land subject to the trust.

"Where the wife's separate property pays the part consideration for land which is deeded to her husband who assumes vendor's lien notes, a foreclosure against the husband to which the wife is not a party does not divest the title of the wife."

The material affirmative allegations of this petition, aided by the reasonable intendment to be deduced therefrom, present the following facts as constituting a cause of action in favor of appellant Mrs. Flora Phillips: That appellants, John Phillips and Flora Phillips, are husband and wife; that relationship existing prior to and at the time of the transactions alleged in said petition. On the 21st day of December, 1918, appellant John Phillips purchased from Hilliard Coumpy and wife a certain tract of land out of the Francis Jones survey in Dallas county, Tex., containing 200 acres, in consideration of the sum of $27,000. Of this amount there was paid, in cash, $5,000, said sum being the separate estate of appellant Flora Phillips, which she received from the estate of her former husband, A. D. Bryant. That the deed conveying said tract of land by Coumpy and wife to John Phillips is of date December 31, 1918. That J. H. Wilson, one of the appellees, conveyed said 200 acres of land to Hilliard Coumpy, and that, as part of the consideration paid, and to be paid by said Coumpy for said land, he executed to said Wilson certain notes secured by vendor's lien thereon. That the payment of the notes so executed by said Coumpy to said Wilson was assumed by said John Phillips as a part of the consideration to be paid by him to said Coumpy and wife for the conveyance by them of said 200 acres of land to said Phillips. That said tract of land is worth $27,000. That at the time of making the purchase of said land by John Phillips, and at the time of the execution of the deed conveying said land by Coumpy and wife to Phillips, said Coumpy and Wilson knew that the $5,000 cash payment made on the consideration of $27,000 contracted to be paid for said land was the separate estate of appellant Flora Phillips. That J. H. Wilson, the original owner and holder of said notes,

brought suit in one of the district courts of Dallas county on said notes against Hilliard Coumpy and wife and John Phillips, and recovered judgment therein on the 7th day of April, 1922, for the amount due on said notes with foreclosure of the vendor's lien existing on said 200 acres of land to secure the payment of said notes. That appellant Flora Phillips was not a party to said suit. That order of sale was issued on said judgment, levied on the above-described land, and sale thereof made on the first Tuesday in September, being the 5th day of September, 1922. That appellees Wilson and Watson were the purchasers at said sale of said tract of land for the sum of $1,000. That the amount of their bid was credited upon the judgment on which said order of sale was issued. That neither Wilson nor said Watson otherwise paid anything of value for said land. That at said sale, and before the bid on which said land was sold to Wilson and Watson, it was announced that appellant Flora Phillips had a claim against said property, based upon the payment of said $5,000 as a part of the purchase price paid for same, and that said Wilson and Watson, the purchasers at said sale, and their agents, had notice at the time of making said bid that $5,000 of the separate estate of the appellant Flora Phillips had been paid on the purchase price of said land.

Appellants prayed for relief as follows:

"That on final hearing the court declare that the defendants hold such land or such part or interest thereof to which she may be entitled in trust for the plaintiff, and that title to said land or such part or interest thereof to which she may be entitled be decreed and vested in the plaintiff, for costs of suit, for such other relief, special and general, as in law or equity she may be entitled to."

[1, 2] The allegations as to the execution of the deed to John Phillips conveying the 200 acres of land, and the payment of the cash consideration of $5,000 of the total consideration of $27,000 contracted to be paid for said land, are sufficient to show that there was created a resulting trust in favor of Mrs. Flora Phillips in the land so conveyed in the proportion that said $5,000 so paid with her separate money sustains to the entire consideration. Parker v. Coop, 60 Tex. 111; Blankenship v. Douglas, 26 Tex. 225, 82 Am. Dec. 608; Evans v. Welborn, 74 Tex. 530, 12 S. W. 230, 15 Am. St. Rep. 858; Lacey v. Clements, 36 Tex. 661; Penman v. Blount (Tex. Civ. App.) 264 S. W. 169; Blum v. Rogers, 71 Tex. 668, 9 S. W. 595; Kline v. Ragland, 47 Ark. 111, 14 S. W. 474, 26 R. C. L. 1214, § 57; and Id. p. 1391, § 440. Although the appellant Flora Phillips was not a necessary party defendant to said cause No. 41897–B in order to effectually foreclose the vendor's lien existing on the tract of land conveyed to the appellant John Phillips securing the payment of the notes assumed by

him as a part of the consideration to be paid for the 200 acres of land, yet, in order to have foreclosed her equity of redemption in any form, or to have legally adjudicated any of her then existing rights involved in said proceeding, so as to preclude her in reference thereto, she should have been made a party defendant. Foster v. Powers, 64 Tex. 247; Ufford v. Wells, 52 Tex. 619; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843; Gamble v. Martin (Tex. Civ. App.) 151 S. W. 327; S. L. Ark. & Tex. Ry. Co. v. Whitaker et al., 68 Tex. 630 at page 634, 5 S. W. 448; Bradford v. Knowles, 86 Tex. 505 at pages 509, 510, 25 S. W. 1117; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821; Lindsey v. Hart (Tex. Civ. App.) 260 S. W. 286; Johnson v. First National Bank (Tex. Civ. App.) 40 S. W. 334.

[3] If the appellant Flora Phillips had been made a party to said foreclosure proceedings, she could have, by appropriate pleadings, protected her rights involved therein by having the court ascertain the amount of her undivided interest in said 200 acres of land and in the foreclosure of the lien thereon to have required the interest in said tract of land remaining in John Phillips to have been sold before selling the interest acquired in the entire tract by appellant Flora Phillips. This, too, without being required to pay or offer to pay the unpaid purchase money then sought to be collected by foreclosure proceedings, or any part thereof, as a condition precedent to the right to have protected her interest acquired in said tract of land through the resulting trust created in her favor. Foster v. Powers, supra; Thompson v. Robinson, supra; Railway v. Whitaker, supra; Silliman v. Gammage, 55 Tex. 365, at page 371; Browne v. King, 111 Tex. 330, 235 S. W. 522, at page 523, 524; Pierce v. Moreman, supra.

[4] Under the circumstances, we think it would be inequitable to require the appellant Flora Phillips to pay or tender into court the amount of the judgment rendered on the notes assumed by John Phillips, or to pay or tender into court an amount equal to what would be her pro rata part of said judgment as a condition of recovery. This, because it would be placing a greater burden upon Mrs. Phillips in order to protect her rights in the subject-matter of the litigation involved in said foreclosure proceedings than would have been the case had she been made a party to that suit. Bradford v. Knowles, supra; Browne v. King, supra. Of the existence of the equitable rights of appellant Flora Phillips, the allegations are sufficient to show that not only at the time the land was purchased at the sheriff's sale by appellees Wilson and Watson they had notice, but that prior to and at the time of the execution of the deed by Coumpy and wife to John Phillips, Wilson, had notice of the existence of the facts out of which sprang the resulting

trust asserted by said appellant Flora Phillips, and therefore, as such purchasers at the sheriff's sale, they are not innocent purchasers for value. Gamble v. Martin (Tex. Civ. App.) 151 S. W. 327; R. C. L. vol. 26, p. 1362, § 225; Kline v. Ragland, supra; McKamey v. Thorp, 61 Tex. 648; McBride v. Banguss, 65 Tex. 174.

[5] Notwithstanding Mrs. Flora Phillips was not a party to the foreclosure proceedings, the purchasers at the sheriff's sale became the holders of all rights to notes, lien, etc., that became merged into that judgment, as if by assignment, and can in this proceeding assert all rights thereunder that the original holder could have in the original foreclosure proceedings and have the right as against Mrs. Flora Phillips to have the lien forclosed and land ordered sold to pay the judgment for the debt rendered on the notes against the maker and John Phillips; the sale to be made so as to dispose of the interest remaining in Phillips before making sale of the interest acquired by Mrs. Phillips through the resulting trust created in her favor as above set forth. In other words, after establishing the interest acquired by Mrs. Phillips in the entire 200 acres of land through the resulting trust created in her favor, the interest remaining in John Phillips should be first ordered sold to satisfy the judgment, and only in the event the sale of such interest should fail to satisfy the judgment, should her interest be sold. Browne v. King, supra. The title thus acquired by Mrs. Phillips, being, of course, subject to the vendor's lien existing on the entire tract of land to secure the payment of the indebtedness assumed by John Phillips as a part of the consideration to be paid by him for the entire tract of land cannot be released from that lien until the debt secured thereby is paid in full.

[6] The petition in several respects is subject to special exceptions. However, that fact does not render it vulnerable to the general demurrer presented. This, notwithstanding the pleader failed to make clear not only the quantum, but the particular character of relief appellant Flora Phillips is entitled to, under the facts alleged as supporting her right to the interest in the land sought to be protected against the purchasers at the sheriff's sale, who, under the allegations in reference to their knowledge of the rights of Mrs. Phillips, are not innocent purchasers for value, and therefore stand in the same relation to the rights now asserted by Mrs. Phillips as the original holder of the vendor's lien notes would have occupied to her had she been made a party to the foreclosure proceedings. However, Mrs. Phillips is not limited by her prayer for specific relief, for, in order to grant her that full measure of protection to which she is entitled under the above allegations, the court is not confined to the specific relief prayed for, as the prayer "for such other relief, special and general, as in law or equity she may be entitled to," is not only authority for, but sufficient to require the court to give full effect to the legal and equitable rights of appellant and pursue that course of procedure that would result in the rendering of such decree as will secure to appellant Flora Phillips full protection in all of her rights warranted by the facts alleged, having, of course, due regard for the equal protection of the rights of the parties adversely interested.

[7] Appellee Wilson, as the original holder of the vendor's lien notes, sought to be collected through foreclosure proceedings, elected to pursue that remedy instead of the other one available to him, that is, to disaffirm the executory contract to convey title to the property and repossess same on account of the breach of said contract by John Phillips, and the object of such suit being to secure to the owner and holder of the notes the payment of the indebtedness represented thereby through sale of the property securing the payment of same, and the purchasers at the sheriff's sale under the foreclosure proceedings not being innocent purchasers for value, there can be no valid reason at law or in equity why the rights of appellant Flora Phillips should not now be protected without disturbing any of the legal or equitable rights of those adversely interested, to the extent that her rights should have been protected if she had been made a party defendant to the foreclosure proceedings in said cause No. 41897–B.

By reason of the error committed in sustaining the general demurrer to appellant's petition, this cause is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.