### SETTEGAST et al. v. MARTIN.
#### No. 11250.

Court of Civil Appeals of Texas. Galveston. July 24, 1941.

Rehearing Withdrawn Oct. 1, 1941.

J. G. Howard, of Houston, for appellant.

John B. Warren and Morris Pepper, both of Houston, for appellee.

CODY, Justice.

This suit was brought by appellee as plaintiff against Binz J. Settegast and J. R. Fisk, respectively, to cancel a certain power of attorney from appellee to Binz J. Settegast, dated July 29, 1932, and to cancel a deed from Binz J. Settegast to J. R. Fisk, dated August 15, 1935, to certain real property in Davidson County, Tennessee; and to recover certain moneys from Binz J. Settegast and J. R. Fisk, which it is alleged by appellee that Binz J. Settegast received and retained under said power of attorney.

The jury returned a verdict in appellee's favor, and in conformity therewith the court rendered judgment for plaintiff on November 26, 1940, cancelling the power of attorney, and the deed which appellee by her pleadings sought to have cancelled, and awarded damages to appellee against Settegast in the sum of $4,516.41, and against Fisk in the sum of $310.97.

Binz J. Settegast alone has appealed, and he makes no contention here that the evidence was not sufficient to support the jury's verdict, nor that the court did not act properly in cancelling the said power of attorney. He seeks to reverse the judgment of the trial court only in so far as it awarded a judgment against him for money. This greatly narrows the scope of the appeal. We therefore make no further statement in relation to those who were parties to this litigation below, but not parties to the appeal; nor to other matters not necessary to be taken into account in the disposition of this appeal.

At the threshold of this case we are met with appellee's contention that we are without jurisdiction to consider this appeal. Appellee bases this contention on the fact that appellant, who seasonably filed his amended motion for new trial on December 24, 1940, suffered it to be overruled by operation of law. And it is appellee's position that the effect of a party suffering his motion for new trial to be overruled by operation of law is to lose his right of appeal. In connection with appellant's motion for new trial, the court made a docket entry on January 31, 1941, that the amended motion for new trial was overruled by operation of law, not having been presented within the 30 days. Thereafter, but on the same day, the court heard the motion, but announced that he would not disturb the status of the case as reflected by his said docket entry. This action of the court is reflected by an order of February 3, 1941, to which appellant in open court excepted and gave notice of appeal, and on the same day filed his supersedeas bond.

The district courts of Harris County are governed by the practice and procedure prescribed by R.S. Article 2092, Vernon's Ann.Civ.St. art. 2092. It is well settled under that Act that if a motion or amended motion for a new trial is not presented within 30 days from its filing it is overruled by operation of law, and the term of court as to that case comes to an end, and the trial court loses jurisdiction thereover. But the cases cited by appellee, inclusive of Dallas Storage & Warehouse Co. v. Taylor, District Judge, 124 Tex. 315, 77 S.W.2d 1031, and Millers' Mutual Fire Ins. Co. v. Wilkirson, 124 Tex. 312, 77 S.W.2d 1035, 1036, do not support appellee's contention that the Court of Civil Appeals may not acquire jurisdiction over a case in which the motion for a new trial has been overruled by operation of law where the appellant files a proper bond seasonably, and seasonably files the transcript and statement of facts in the court of civil appeals. Certainly the fact that the judgment becomes final in the district court when the motion is overruled by operation of law is no valid argument against the right and power to appeal the judgment. Indeed, no appeal can be taken, with the exception of

temporary injunctions, from any except final judgments. And the Miller case, supra, relied upon by appellee, by implication is authority against her contention, where it is stated: "The Court of Civil Appeals correctly dismissed the appeal because the appeal bond should have been filed within 30 days after the original motion for new trial was overruled by operation of law." In this case the supersedeas bond was filed seasonably. There is nothing in the language of the Act which requires or authorizes, where the motion or amended motion for new trial becomes overruled by operation of law, holding the one whose motion is thus overruled is thereby deprived of a right of appeal. It would be absurd to say that, in such case, appellant must give notice of appeal in open court, and appellee has not taken such position. Appellee's said contention is overruled.

The power of attorney which was by the judgment of the court duly cancelled was taken from appellee on July 29, 1932, by appellant. Appellee was at that time a married woman. It also appears that on the same day, but somewhat later, appellant took from appellee's then husband what, in form, was also a power of attorney, which was upon a separate paper. Appellee and appellant have always treated the power-of-attorney transaction as constituting a single transaction. Indeed, the following recitation occurs in the deed from appellant to Fisk, wherein appellant seeks to convey real estate, which he purported to have acquired under said power of attorney transaction, to Fisk:

"Whereas, on or about the 29th day of July, 1932, Mrs. Adelaide B. Martin, of the county of Harris, in the State of Texas, joined by her husband, Nicholas L. Martin, executed a contract and power of attorney, coupled with an interest, to Binz J. Settegast, of the County of Harris and State of Texas, which said contract and power of sale is recorded in * * *

"Whereas in said contract and power of attorney the said Binz J. Settegast was assigned a 40% interest. * * *"

And the case was tried below upon the theory that only one power-of-attorney was ever executed, and that appellee's then husband, in executing the instrument which he executed, was merely attempting to authorize and give his consent to the employment of appellant by appellee. In holding that appellant may not now depart from the theory on which the case was tried below, we do not mean to suggest that the theory on which the case was tried was not the true and correct one. But it is elementary that appellant will not be permitted, after the case was tried on the theory and lost, to change the theory of the case on appeal. Had appellant contended below that the instrument signed by appellee's then husband was a separate and distinct transaction, which gave him separate and distinct rights from the instrument executed by appellee, there can be no doubt that appellee would have, out of an abundance of precaution, asked to have said instrument cancelled also. It can not be pretended that said instrument was not equally vulnerable to the right of cancellation as was the instrument which was formally cancelled.

There is, however, yet another reason why appellant can not claim that he acquired rights under the power of attorney executed by appellee's former husband, which rights were not properly taken from him by the judgment in this case. A power of attorney conveys no present interest in land or personal property for which it is given to the donee for recovering any such land or personal property; it is but an executory contract which entitles the donee to an interest in such property when and if he recovers same. Hazlett v. Harwood, 80 Tex. 508, 16 S.W. 310; Browne v. King, 111 Tex. 330, 235 S.W. 522. The same identical evidence upon which the jury returned a verdict which required the court to cancel the power of attorney for fraud also established that appellant never recovered any of appellee's property, and never acquired any right thereto.

Appellant also contends that his request to recover on a quantum meruit basis should have been by the court allowed, in that he rendered services to appellee. It is unnecessary to go into this contention. Where a party to a suit relies upon an express written contract, and this is set aside because of fraud in its procurement, it is too well settled to require citation of authority that the one so obtaining such contract and who seeks to enforce it cannot recover in quantum meruit.

Appellant has pointed out no reversible error; the judgment will therefore be in all things affirmed.

Affirmed.