## KULL v. BROWN.

### No. 5933.

Court of Civil Appeals of Texas. Texarkana.
Oct. 23, 1942.

Rehearing Denied Nov. 19, 1942.

Lincoln & Harris, of Texarkana, for appellant.

Wm. V. Brown and Levee & Newberry, all of Texarkana, for appellee.

WILLIAMS, Justice.

The marriage existing between F. H. Kull and Georgia Kull was dissolved in a judgment entered on August 24, 1939, in the 5th Judicial District Court of Bowie County. The judgment adjudicated their respective interests in the community estate; adjusted equities and claims between them; impressed certain properties with homestead rights; and named a commissioner to sell certain realty incapable of being partitioned in kind with direction to apply the proceeds thereof to the satisfaction of liens then existing and to pay the balance to above parties in the respective amounts as set out in the judgment. Certain lien notes belonging to the community were partitioned in kind. No appeal was perfected from this judgment and it became final.

In January 1940, after above judgment had become final (no move having been made prior thereto to consummate the partition decree under its provisions), F. H. Kull and Mrs. Kull entered into a settlement of their respective property rights and interests in above judgment. This settlement was evidenced by deeds and by assignments executed by her in which she purported to convey and quitclaim to F. H. Kull all her right, title and interest in the community estate that had been awarded to her in the judgment. The deeds and assignments were filed for record by appellant on January 27, 1940. In payment of above interests, Mrs. Kull received from F. H. Kull a certain sum of money and a written promise by him to pay a further stipulated sum and to assign and deliver certain notes. Neither F. H. Kull nor Mrs. Kull was represented by any attorney in effecting the settlement or in the preparation of any instrument incident to same.

Wm. V. Brown, an attorney-at-law, appellee herein, who had represented Mrs. Kull in the divorce action and prosecuted that suit to final judgment under a written contract of employment under which he was to receive one-third of the recovery had by his client, filed this suit against F. H. Kull, appellant herein, to establish and recover of the latter a one-third undivided interest in that portion of the community that had been awarded to Mrs. Kull in the divorce action. He pleaded the judgment per its terms; above-mentioned settlement; the contract of employment; and alleged that F. H. Kull had both actual and constructive notice of his contract of employment, his performance thereunder, and that the settlement had been made with the purpose of defrauding appellee of his alleged one-third interest in that portion of the properties which had been awarded his client in the divorce action.

Two suits of Mrs. Kull against F. H. Kull, in which she sought to set aside one of the deeds that she had executed to the latter and to enforce an alleged indorsement of certain bills receivable, were consolidated with the suit filed by Wm. V. Brown, and this consolidated action was later transferred to the 102d Judicial District Court of Bowie County where trial was had. Wm. V. Brown was decreed to be the owner of and allowed a recovery against F. H. Kull of a one-third undivided interest in that part of the community estate that had been awarded to Mrs. Kull. The decree, with some exceptions, later herein discussed, follows the descriptions and provisions as contained in the judgment rendered in the divorce action. The decree after adjusting some minor equities between F. H. Kull and Mrs. Kull in keeping with their settlement, denied Mrs. Kull any further relief, and her settlement had with F. H. Kull was in all respects ratified and confirmed by the court. F. H. Kull only has appealed.

■ Such portions of the contract entered into between Mrs. Kull and Wm. V. Brown, material to an understanding of the discussion to follow, read:

"Whereas, * * * (Mrs. Kull) * * * is desirous of securing the services of * * * (Wm. V. Brown) * * * to represent her in said claim and cause of action, therefore:

"For and in consideration of the services rendered and to be rendered herein by said attorney for me, I hereby contract and agree with said * * * (Wm. V. Brown) * * * to pay and allow him out of such claim or cause of action and/or recovery as a fee for said services rendered and to be rendered by said attorney, a one-third undivided interest in and to any recovery had and one-third interest in any settlement of my community property rights. If case is appealed, fee shall be one-half instead of one-third.

"And, I further agree and contract to and with said attorney * * * that this cause of action cannot be settled or disposed of except by the consent of both * * * (parties) * * * and said * * * (Mrs. Kull) * * * further agrees that said * * * (Wm. V. Brown) * * * is entitled to his fee when claim is placed in his hands, and any action taken by him for * * * her benefit, and at which said time the rights of * * * Wm. V. Brown * * * irrevocably attach.

"And I, Georgia Kull, * * * have this day made, constituted and appointed and by these presents do make, constitute and appoint the said Wm. V. Brown, * * * my true and lawful attorney, * * * to fully represent me in such litigation, settlement and suit, authorizing him * * * to employ auditors and accountants, and such other agents as are necessary to aid in discovering and ascertaining the assets and community property of myself and Fred H. Kull; * * *."

"The instrument does not, in terms, attempt to assign a present interest in the cause of action, but agrees to give [pay and allow] one-third [undivided interest] of 'whatever may be recovered' * * *." Galveston, H. & S. A. Rwy. Co. v. Ginther, 96 Tex. 295, 72 S.W. 166, 167. As stated in Browne v. King, 111 Tex. 330, 235 S.W. 522, 523, applicable to construction of the present contract, "there was no grant to him [appellee] of an interest in the land [community property] under its existing status. The grant was an interest in the land 'so recovered,' revealing very plainly that his interest was to be effective only after the successful exercise of his agency. The necessity for future action on Browne's part as the condition for the vestiture of any interest in his favor made the contract purely executory." See, also, C. W. Hahl & Co. v. Hutcheson, Campbell & Hutcheson, Tex.Civ.App., 196 S.W. 262, 266. With this our construction of the contract, the enforcement of its terms after final judgment dissolving the marriage would not run afoul of that rule discussed in 23 T.J. 105, Sec. 83, wherein it is stated, "Any sort of alienation by one of the spouses of his or her interest in the community * * * is * * * not permitted."

Appellant takes the position that the provisions to pay and allow appellee such undivided one-third interest in that part recovered by Mrs. Kull is unenforceable as being against public policy because of the provisions therein, namely, " * * * this cause of action cannot be settled or disposed of except by the consent" of both appellee and Mrs. Kull. Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949, and Kelly v. Gross, Tex.Civ.App., 4 S.W.2d 206, 5 Am.Jur. p. 373, Sec. 185, cited by appellant in support of this position are not applicable under the facts of this record. At the time the present suit was filed, the marriage that had existed between appellant and Mrs. Kull had been dissolved, and that decree had in all respects become final. A reconciliation of the spouses and/or an effort to withdraw or dismiss the suit for divorce prior to a final trial evident in the cases relied upon are entirely absent in this record.

[3] It is without controversy that appellee prosecuted the cause of action to a final adjudication and judgment, fully cooperated in by Mrs. Kull, in which appellee recovered for his client an interest in the community estate. It is undisputed that appellee fully performed under the terms of the contract. Such performance vested in appellee, under the terms of the contract, an equitable one-third undivided interest in that portion of the community so recovered. Browne v. King, supra; Northern Texas Traction Co. v. Clark & Sweeton, Tex.Civ.App., 272 S.W. 564, and authorities there collated; Galveston, H. & S. A. Rwy. Co. v. Ginther, supra; C. W. Hahl & Co. v. Hutcheson, Campbell & Hutcheson, supra.

It is further without controversy that appellant had actual notice of the

existence of the contract above discussed at the time he effected a settlement of the judgment with Mrs. Kull. Under such conditions, the settlement made by appellant and such conveyances as were executed by Mrs. Kull to appellant were subordinate to appellee's vested equitable interest and chargeable with same. Browne v. King, supra; Northern Texas Traction Co. v. Clark & Sweeton, supra. As stated in Galveston, H. & S. A. Rwy. Co. v. Ginther, supra, "The position of defendant [appellant] was that of any other person paying a debt to the original creditor, instead of an assignee, whose rights were known."

■ The judgment in the divorce action had become final. No appeal was pending at the time of the settlement. Defendant was solvent. The property subject to the decree was intact at the time, and the recovery could have been realized out of such property. No logical reason existed for a settlement of the judgment in a sum materially less than that provided for in the judgment. Under such circumstances, appellee's recovery will not be limited or reduced to one-third of the value of the moneys paid to Mrs. Kull in the settlement; appellee not being a party thereto, his rights could not be abridged thereby. 5 Am.Jur. p. 374; Chreste v. Louisville Ry. Co., 167 Ky. 75, 180 S.W. 49, L.R.A.1917B, 1123, 1128, Ann.Cas.1917C, 867; Desaman v. Butler Bros., 118 Minn. 198, 136 N.W. 747, 749, and authorities collated in Ann. Cas.1913E, 646.

■■ Appellant contends that the 102d Judicial Court was without jurisdiction and that exclusive jurisdiction to hear and adjudicate appellee's cause of action was vested in the 5th Judicial District Court. We are not in accord with this view. If it be assumed, as claimed by appellant, that the properties described in the 5th District Court were in custodia legis at the time of the filing of the instant suit, the judgment here attacked does not disturb the possession or custody of the property nor does it attempt to do so. The instant judgment merely decrees title into appellee of a certain interest in the community estate, and does not decree the issuance of any type of writ out of any court to consummate a partition. "A court is not deprived of jurisdiction over controversies concerning property in the custody of another court in so far as it can exercise such jurisdiction without disturbing the possession of such other court." 21 C.J.S., Courts, § 495, p. 757.

The settlement of the judgment eliminated the necessity or right of F. H. Kull or Georgia Kull to resort to any procedural provision set out in the judgment entered in the divorce action. This settlement without appellee's knowledge, with notice of his right to an interest in the property, and the failure to protect or satisfy his interest in the property gave rise to the instant suit. We conclude that the 5th Judicial District Court was not vested with exclusive jurisdiction to hear and adjudicate appellee's cause of action. Williams v. Croom, Tex.Civ.App., 215 S.W. 156; Kirby & Dilworth v. Marshall, Tex.Com. App., 260 S.W. 152; Browne v. King, Tex. Civ.App., 196 S.W. 884; C. W. Hahl & Co. v. Hutcheson, Campbell & Hutcheson, supra; North Texas Traction Co. v. Clark & Sweeton, supra.

Appellant shows no injury in the matter complained of in Point 8, and same is overruled.

■ This record discloses that the judgment in the instant suit does not in express terms stipulate that the one-third undivided interest awarded appellee is subject to the liens, court costs and adjustment of the equities set out and provided for in the former judgment. The description of the assets of the Two States Fruit Package Company does not in all respects follow that set out in the former judgment, nor does it confine such assets as of August 24, 1939, date of the former judgment. The undivided interest awarded to appellee is to be measured, calculated and limited by the terms of the recovery of his client as expressed in the former judgment. Accordingly, the judgment of the trial court is modified so as to allow appellee the recovery of the interest so awarded; to be so recovered subject to the liens, court costs and equities as itemized and expressed in the former judgment, as of its date, and in the properties as therein described. And as modified, the judgment is in all other respects affirmed.

Modified and affirmed.