# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2021

Lyle W. Cayce
Clerk

No. 20-40858

John C. King,

*Plaintiff—Appellant*,

*versus*

U.S. Bank, N.A.; Select Portfolio Servicing,
Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-181

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Following a mortgage default in 2008, John King has continued to reside at 11898 Eastpark Lane, Frisco, Texas, without making a single mortgage payment or otherwise coming to terms with his creditors. In order to forestall foreclosure, he has turned to the courts. Indeed, this is at least

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the ninth civil action considering the foreclosure rights of King's creditors. It ought to be the last because King's case, and all of its predecessors, have no merit.

## I.

Plaintiff John King ("Plaintiff" or "King") purchased the property in question along with his then-wife Genevieve King in 2006.  In order to make the purchase, they obtained a loan in the amount of $192,700.  The Kings missed a scheduled payment in April 2008, and the loan went into default.  No one ever made another payment.

The Kings divorced in 2009.  John King was awarded the whole property at 11898 Eastpark Lane.  The defendants to this action maintain that Genevieve King currently has no interest in the property.  Plaintiff alleges that he and Genevieve remarried in 2011, but he agrees with the defendants that Genevieve does not have an interest in the property.  Since Genevieve is not a party to this action, and all the parties agree that she has no ownership interest, we accept that as true for purposes of this suit.

At the time of foreclosure, the holder of the loan was U.S. Bank, and the servicer was Select Portfolio Servicing, Inc., ("SPS") (collectively, "Defendants").  U.S. Bank granted SPS limited power of attorney in 2014.  That agreement granted SPS authority "to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust . . ." in order to recover any sum of money or property interest owed the Trustee.

In April 2018, SPS hired the law firm Mackie, Wolf, Zientz & Mann, P.C., to administer foreclosure proceedings.  L. Keller Mackie, an attorney at the firm, proceeded to appoint several substitute trustees under the Deed of Trust.  On March 5, 2019, a foreclosure sale was executed.  U.S. Bank bought

the property.  At the time of the sale, no payment had been made on the loan since April 2008 and over $413,000 was owed.

Plaintiff brought this trespass-to-try-title action, which also alleges violations of the Deed of Trust and Texas Property Code, in Texas state court.  The case was removed to federal district court by the defendants.  A magistrate judge recommended that the action be dismissed with prejudice.  The district court adopted that recommendation and granted the defendants' motion for summary judgment.  Plaintiff timely appealed.

## II.

We review a grant of summary judgment *de novo*.  *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (per curiam).  Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A fact is material if it "might affect the outcome of the suit."  *Id*.  We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor.  *Adams v. Alcolac, Inc.*, 974 F.3d 540, 543 (5th Cir. 2020) (per curiam).

## III.

King brought a trespass-to-try-title claim, which is the legal mechanism for resolving competing claims to real property under Texas law, in the court below.  *See* TEX. PROP. CODE § 22.001(a).  A magistrate judge recommended that the claim be dismissed for three reasons: (1) King has not been dispossessed of the property; (2) King attempts to prevail based on the alleged weakness of the mortgage-holder's title rather than on the strength of his own; and (3) King has not tendered the amount due on the

loan.    The district court dismissed the claim on the first ground—dispossession.

We find this claim most easily resolved on the final issue discussed by the magistrate judge.  Because it is undisputed that King has not tendered the amount due on the loan, his trespass-to-try-title claim fails.  *See, e.g.*, *Browne v. King*, 235 S.W. 522, 523–24 (Tex. 1921); *Lopez v. Wells Fargo Bank, N.A.*, 2020 WL 224485 at *3 (S.D. Tex. 2020) ("Plaintiff may not prevail on a trespass to try title action without paying the amount due on the mortgage loan.") (citation omitted).

## IV.

King also alleges violations of the Texas Property Code and the Deed of Trust.  More specifically, King complains that (1) L. Keller Mackie lacked proper written authorization to appoint a substitute trustee; (2) the addresses of the substitute trustees were not provided as required; and (3) the language in the Foreclosure Sale Deed is inadequate to effect a conveyance.  With respect to the first complaint, the district court found that King lacked standing to challenge the appointment, as he is not a party to the agreement between SPS and L. Keller Mackie.  We agree.  King's complaints about the addresses of the substitute trustees and the fact that the deed of sale uses the past-tense language "GRANTED, SOLD, and CONVEYED" border on frivolous.

## V.

Notwithstanding the myriad technicalities alleged, King has no valid claim to the property because he and his then-wife Genevieve defaulted on the mortgage in 2008, and he has since made no effort to cure the default or reach an agreement with the mortgage-holder.  With respect to the foreclosure sale, whatever technical imperfections may have occurred with respect to the appointment of substitute trustees is a matter between the loan

No. 20-40858

servicer and L. Keller Mackie that has no effect on King's rights. King's other objections to the sale are patently frivolous and merit no further discussion. For the reasons discussed above, the judgment of the district court is hereby AFFIRMED.